U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF LOUISIANA

**CURTIS NELSON &**      CIVIL ACTION NO._____
**CURTIS NELSON DBA**
**CURTIS WRECKER SERVICE**      **1:06cv1655**

**VERSUS**      **JUDGE DRELL**

**TOWN OF FERRIDAY, GENE ALLEN,**      **MAG. JUDGE KIRK**
**ROBERT DAVIS, AND WILLIE ROBINSON**

## PETITION FOR DAMAGES

Appearing herein through undersigned counsel is CURTIS NELSON, INDIVIDUALLY, and CURTIS NELSON DBA CURTIS WRECKER SERVICE, a resident and domiciliary of Concordia Parish, Louisiana, who respectfully represents:

1.

Jurisdiction of this Court is based upon 28 USC 1331 and 28 USC 1367.

2.

Made defendants herein are the Town of Ferriday, a municipal corporation organized and existing under the laws of the State of Louisiana; Gene Allen, a resident and domiciliary of Concordia Parish, State of Louisiana; Robert Davis, a resident and domiciliary of Concordia Parish, State of Louisiana; and Willie Robinson, a resident and domiciliary of Concordia Parish, State of Louisiana.

3.

Defendant Willie Robinson is a police officers of defendant Town of Ferriday and at all times mentioned in this complaint was acting under color of law and color of his authority as a police officer of defendant Ferriday, Louisiana.

4.

Defendant Robert Davis is the police chief of Ferriday, Louisiana, and at all times mentioned in this complaint was acting under color of law and color of his authority as police chief of defendant Ferriday, Louisiana.

5.

Defendant Gene Allen is the Mayor of Ferriday, Louisiana, and at all times mentioned in this complaint was acting under color of law and color of his authority as police chief of defendant Ferriday, Louisiana.

COUNT ONE

6.

Defendant police chief, as police chief of defendant Town, is responsible for the acts of the police officers of defendant Town while in the performance of their duties as police officers for defendant Town. Defendant police chief, as police chief of defendant Town, is also responsible for the ongoing training of the police officers of defendant Town to ensure that those officers are competent to carry out their assigned duties.

7.

Defendant Mayor, as Mayor of defendant Town, is responsible for the acts of the employees of the defendant Town while in the performance of their duties as police officers for defendant Town. Defendant Mayor, as Mayor of defendant Town, is also responsible for the ongoing training of the employees of the defendant Town to ensure that those employees are competent to carry out their assigned duties. Police officers are classified as employees of defendant Town.

8.

Defendant Mayor, as Mayor of defendant Town, is also responsible for his own acts while in the course and scope of his position as mayor of defendant Town.

9.

On or about October 3, 2005, the plaintiff was contacted by telephone by Lamont Lewis, a truck driver, who reported to plaintiff that the 18 wheeler truck he had been driving, owned by Volume Transportation of Georgia, was in a ditch on Highway 84 within the Town limits of Ferriday, Louisiana.

10.

During that telephone call Mr. Lewis on behalf of his company hired plaintiff's business to tow the truck out of the ditch, agreeing upon a specific price for the service.

11.

Plaintiff drove a tow truck to the site, but determined that he needed a bigger tow truck to pull the Volume truck out of the ditch.

12.

Mr. Lewis signed a ticket, guaranteeing the price to be charged by the Plaintiff, and agreeing to allow Plaintiff's business to town the Volume truck out of the ditch.

13.

An officer from the Ferriday Police Department, Willie Robinson, arrived on the scene at some point during the discussion.

14.

Robinson stayed at the site for at least 15 minutes, sitting in his car, and did not emerge until Plaintiff arrived with the correct tow truck and began to hook up the 18 wheeler.

15.

Robinson then told plaintiff that if he hooked up to the 18-wheeler, he would arrest him.

16.

At some point during this exchange, the Mayor of Ferriday, Gene Allen, and the Chief of Police, Robert Davis, arrived

17.

Chief Davis told Plaintiff that if he hooked onto the 18 wheeler he would arrest him and he further told him that plaintiff couldn't get work in the Town of Ferriday.

18.

Robinson then placed handcuffs on the Plaintiff and arrested him, placing him the rear of a police unit.

19.

Also arriving on the scene was a representative of Barlow's Wrecker, which was called after Plaintiff was called.

20.

Chief Davis asked the representative of Barlow's Wrecker to pull the truck out of the ditch.

21.

Robinson was then approached by Wanda Smith, who had given Plaintiff's name to Mr. Lewis.

22.

Robinson then placed handcuffs on Mrs. Smith, who was placed in the police car.

23.

Plaintiff was placed in the rear of the police car, in handcuffs, where he sat for approximately three hours.

24.

At that time Barlow's Wrecker was called almost exclusively by the Town of Ferriday for all towing services. Between August and October, Barlow's had been called by the Ferriday police department for towing on 13 occasions.

25.

Curtis Wrecker was never called by the Ferriday Police Department for any services during the time when Gene Allen was mayor.

26.

On information and belief Gene Allen has specifically excluded Curtis Wrecker from handling any towing services in the Town of Ferriday, and continues to exclude him until this date.

27.

As a result of being handcuffed and placed in the rear of the police car for an extended period of time, Plaintiff suffered serious bodily injuries, including muscle damage and strain, nerve damage and circulatory problems which plague him to this day.

28.

Plaintiff was forced to post bond to be released the next day.

29.

All charges brought against him after the arrest were dismissed.

30.

Since October 5, 2005, Plaintiff has been continually harassed by Ferriday officials who have continually refused to allow him to work within the Town limits of Ferriday without reason.

31.

The reputation of the business, Curtis Wrecker, as well as to the plaintiff individually was seriously damaged by the actions of defendants as described above, and continues to be damaged.

32.

Defendant police chief was liable not only for his own actions as stated above, but also for the actions of the defendant police officer because he was negligent in training defendant police officer.

33.

Defendant Mayor was liable not only for his own actions as stated above, but also for the actions of defendant police officers because he gave them orders, and further failed to train them correctly.

34.

As a result of the matters alleged above, plaintiff has been damaged in the sum of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

COUNT TWO

35.

The allegations of paragraphs one through 34 are restated here, as if repeated herein in full.

35.

As a result of the lack of training of the officer, plaintiff Curtis Nelson received personal injuries, resulting in medical treatment being required and a permanent disability.

36.

Had the Mayor and the police chief not instructed defendant Robinson to place handcuffs on plaintiff, plaintiff would not have been injured and damaged as stated above.

37.

As a result of the matters alleged above, plaintiff has been damaged in the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

COUNT THREE

38.

The allegations of paragraphs one through 34 are restated here, as if repeated herein in full.

39.

As a result of the actions of all defendants, plaintiff Curtis Nelson was falsely arrested and imprisoned, and his personal reputation was damaged.

40.

Had the Mayor and the police chief not instructed defendant Robinson to arrest plaintiff and place him in the rear of a police car for an extended period of time, plaintiff would not have been injured and damaged as stated above.

41.

As a result of the matters alleged above plaintiff has been damaged in the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

COUNT FOUR

42.

The allegations of paragraphs one through 34 are restated here, as if repeated herein in full.

43.

As a result of the actions of all defendants, plaintiff Curtis Nelson was the victim of a malicious prosecution.

44.

Had the Mayor and the police chief not instructed defendant Robinson to arrest plaintiff and file charges against him, plaintiff would not have been injured and damaged as stated above.

45.

As a result of the matters alleged above plaintiff has been damaged in the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

COUNT FIVE

46.

The allegations of paragraphs one through 34 are restated here, as if repeated herein in full

47.

The Town of Ferriday, its mayor and employees have continued to refuse to allow plaintiff and his business to operate within the Town limits of Ferriday, in contravention of federal and state law, including the right to do business with individuals and with the Town itself.

48.

The Town of Ferriday, its mayor and employees cannot prevent a business from operating under the circumstances alleged herein. Plaintiff business has the right to enter into contracts with individuals and other businesses; further, the Town cannot discriminate against plaintiff by refusing to do business with him and his business.

49.

The defendants together conspired to prevent Plaintiff and his business from operating in the Town of Ferriday, in violation of Federal law and State law, including ut not limited to LSA-R.S. 3:1735.

50.

As such, plaintiff and his business have suffered a grave economic loss, resulting in damages to plaintiff and his business if the sum of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

51.

All actions taken by defendants herein in Counts One through Five was engaged in under color of state law, and such conduct subjected plaintiff to the deprivation of rights, privileges and immunities secured by the Federal Constitution and laws, including but not limited to 42 USC 1983.

52.

Further, the defendants herein conspired to interfere with the civil rights of plaintiff, and committed acts in furtherance of that interference, and plaintiff and his business was injured as a result of that conspiracy, as detailed in Counts One through Five, in violation of the Federal Constitution and laws, including but not limited to 42 USC 1985.

53.

Plaintiff has made demand on defendants, to no avail; no response has been received regarding his demand.

WHEREFORE, plaintiff requests judgment against defendants, and each of them, for the following:

1. General damages according to proof.

2. Damages for medical related expenses according to proof.

3. Damages for the costs of bail, attorneys fees and other costs of defense.

3. Interest according to law.

4. Attorneys fees and costs of this action; and

5. Such other and further relief as the court deems just and proper.

Respectfully submitted,

_____
ANNA E. DOW
ATTORNEY AT LAW
Louisiana Bar Roll Number 5040
1434 N. Burnside, Suite 14
Gonzales, Louisiana 70737
(225) 644-1865
(225) 644-1860

# ANNA E. DOW

## ATTORNEY AT LAW

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

1434 N. BURNSIDE AVENUE, SUITE 14
GONZALES, LOUISIANA 70737
225-644-1865
225-644-1860 (FACSIMILE)
E-MAIL: ANNAEDOW@CS.COM

September 20, 2006

Clerk of Court
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-3083

        RE: Curtis Nelson, etc. v. Town of Ferriday, et al.

Dear Clerk:

Please find enclosed the original and two copies of the original complaint to be filed in the above matter, the civil cover sheet and my filing fee of $350.00.

We will be requesting a waiver of service of summons in this matter. Therefore, we would request that you certify the four copies of the petition which I am also enclosing. Please return those to me in the enclosed, self addressed envelope.

If you need anything further, or have any questions, please do not hesitate to contact me.

        Sincerely,

        Anna E. Dow

Enclosures

pc: Curtis Nelson
   Beverly Casso, with attachment