```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                         ALEXANDRIA DIVISION

CURTIS NELSON, et al.,          CIVIL ACTION
          Plaintiffs               NO. CV 06-1655

VERSUS

TOWN OF FERRIDAY, et al.,   JUDGE DEE D. DRELL
          Defendants           MAGISTRATE JUDGE JAMES D. KIRK
```

<u>ORDER & REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, against the Town of Ferriday. Plaintiff alleges that the town has violated his civil rights by prohibiting him from doing business as a tow truck operator in the town. Plaintiff has also sued the mayor, Gene Allen, former police chief, Robert Davis, and former police officer, Willie Robinson in their official capacities only. The individual defendants have filed this motion to dismiss (**Doc. 5**) asserting that they should be dismissed because a suit against them in their official capacities is, in reality, a suit against the municipality.    In addition, defendants move to dismiss or strike what they characterize as redundant claims for damages in the complaint and they seek an order of the court for a more definite statement. These motions have been referred to me by the district judge for Report and Recommendation.

### Official and Individual Capacity Suits

Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.  However, to be liable in one's official capacity under

§ 1983, the defendant must have been delegated policy-making authority under state law. In essence, suing a party in his official capacity is duplicative of an action against the municipality which the official serves as an agent. City of St. Louis v. Praprotnik, 485 U.S. 112, 125, 108 S.Ct. 915 (1988). Also, Turner v. Houma Mun. Fire and Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000).

Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law. Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 361-362 (1991). In contrast, personal-capacity suits which seek to impose individual liability upon a government officer for actions taken under color of state law are recognized under § 1983. Hafer, 502 U.S. at 25. A state official can be sued in his individual capacity and be held personally liable under § 1983 if it can be shown that the official, acting under color of state law, caused the deprivation of a federal right. However, such persons are entitled to assert qualified immunity. Hafer, 502 U.S. at 25-31.

Also, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself. Turner, 229 F.3d at 483. An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. Turner, 229 F.3d at 484.

It is not clear why defendants seek an order dismissing the individual defendants named in their official capacities and the motion is, in this court's experience, unusual. Nevertheless, as able defense counsel points out, a Texas district court has granted a similar motion. Wayne v. City of San Antonio, 2006 WL 3487022 (W.D. Tex. 2006). I see no reason not to grant the motion and plaintiff has not pointed out such a reason.

Next, in an equally puzzling move, defense counsel seeks to dismiss or, alternatively to strike, under Rule 12(f) or, alternatively, under Rule 12(c) those claims for damages set forth in plaintiff's complaint specifically and which were also set forth generally. While the court does not quarrel with the logic of counsel's motion, no good purpose is served at this point in the case by dismissing or striking any of plaintiff's claims for damages. Only those damages actually proven will be awarded by the court and there will be no duplicative damages. However, to restrict plaintiff's choice of words in making the damages claims at this point in the litigation is not appropriate.

Finally, plaintiff's motion for a more definite statement should be granted except as to defendant's request that plaintiff state the Constitutional rights he alleges defendants violated. To state a claim under §1983 a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and demonstrate that the deprivation was committed by a person acting under color of state law. Leffall v. Dallas Ind. Sch. Dist., 28 F.3d 521 (5th Cir. 1994). This plaintiff has done. Plaintiff is held

3

only to the standard of notice pleading under FRCP 8 and is not required to allege legal theories of recovery. To the extent that Ekberg v. Pennington, 2002 WL 1611641 (E.D. La. 2002), cited by defendants, holds otherwise, I respectfully choose not to follow it.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendants' motion to dismiss the individual defendants Allen, Davis and Robinson be granted. IT IS FURTHER RECOMMENDED THAT the motion to dismiss, or alternatively to strike, the damage claims should be denied.

Finally, IT IS ORDERED that, to the extent not provided in the response to this motion, plaintiff provide a more definite statement pursuant to Rule 12(e) but is not required to allege specific Constitutional rights he alleges were violated.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of August, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE